UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ROBBIE WASHINGTON**                                                                                   **PLAINTIFF**

v.                                                                             **CIVIL ACTION NO. 3:23-CV-372-GNS**

**UNITED STATES DISTRICT COURT**                                                            **DEFENDANT**

**MEMORANDUM**

  Plaintiff Robbie Washington initiated this *pro se* action and filed an application to proceed without the prepayment of fees (DN 3). Plaintiff reported in her application that she had zero income, zero expenses, and wrote zeroes for all of the other information requested in the application. *Id.* Because of this, the Court denied without prejudice Plaintiff's application to proceed without the prepayment of fees and informed Plaintiff that she did not provide sufficient information to show whether she qualifies to proceed *in forma pauperis* in this case or must be required to pay the $402 filing fee (DNs 5 & 7). The Court then ordered Plaintiff to file a *new* application to proceed without prepayment of fees in which she provided the required information and, if necessary, provided an explanation for how she is able to live with no income or expenses. *Id.* The Court directed the Clerk of Court to send Plaintiff an application form and warned Plaintiff that failure to comply would result in dismissal of the action. *Id.* More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order.

  Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training,

there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

      The Court has issued two straightforward Orders directing Plaintiff to file a new application to proceed without prepayment of fees and warning her that failure to comply would result in the dismissal of this action. Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Orders warrants the dismissal of this case under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

Date: October 24, 2023

                                      Greg N. Stivers, Chief Judge
                                      United States District Court

cc:    Plaintiff, *pro se*
4416.011